IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| v. | ) | CRIMINAL ACTION NO. 06-00275-KD |
| | ) | |
| RAUL RAMOS, | ) | |
| | ) | |
| Defendant. | ) | |

**ORDER**

This action is before the Court on Defendant Raul Ramos' motion for reduction of sentence pursuant to 18 U.S.C. § 3582(c)(2), the Court's Order for Ramos to show cause why his motion should not be denied, and Ramos' response to the show cause order (doc. 249, 251, 252). Upon consideration, and for the reasons set forth herein, the Court finds that Ramos is not eligible for a reduction of sentence pursuant to Amendment 782 and his motion is DENIED.

As previously stated, Ramos moves pursuant to 18 U.S.C. § 3582(c)(2) for the Court to apply the modified Sentencing Guidelines scheme effectuated by Amendment 782. However, after review of the motion and consideration of U.S.S.G. § 1B1.10(a) and Application Note 1(A), the Court found that Ramos did not appear to be eligible for a sentence reduction.

Ramos pled guilty and was convicted of conspiracy to possess with intent to distribute methamphetamine in violation of 21 U.S.C. § 846 and § 841(a)(1) (Count 1). At the time of sentencing, his total offense level was 41, and with a criminal history category of VI, his sentencing guidelines range was 360 months to life. He was sentenced to 320 months.[1] Ramos was subject to the penalty provisions found in 21 U.S.C. § 841(b)(1).

Application of Amendment 782 would result in a new total offense level of 39. However, with a criminal history category of VI, his sentencing guidelines range remains 360 months to

---

[1] The Court imposed a sentence below the advisory guidelines range.

life. Because retroactive application of Amendment 782 does not have the effect of lowering his applicable sentencing guidelines range, the Court was without authority to modify his sentence pursuant to § 3582(c)(2). *See* § 1B1.10(a)(2)(B) ("A reduction in the defendant's term of imprisonment is not consistent with this policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if . . . an amendment listed in subsection (d) does not have the effect of lowering the defendant's applicable guideline range."). However, the Court gave Ramos an opportunity to show cause why his motion for reduction of sentence should not be denied.

Ramos has now filed his response to the show cause order. Ramos first argues that pursuant to the Supreme Court's decision in *Johnson v. United States,* 135 S. Ct. 2551 (2015), this Court now has "authority to modify his sentence" (doc. 252, p. 3). Ramos argues that in light of the decision in *Johnson,*[2] finding that the "residual clause" in 18 U.S.C. § 924(e)(2)(B) is unconstitutionally vague, the "residual clause" found in 18 U.S.C. § 924(c)(3)(B),[3] the "force clause" found in 18 U.S.C. § 924(c)(3)(A), and the enhanced punishment provisions of 18 U.S.C. § 924(c)(1)(A) for the use, carry or possession of a firearm in relation to a crime of violence or a drug trafficking crime, are likewise unconstitutionally vague. From this, Ramos argues that his due process rights have been violated because the Court erroneously enhanced his base offense level by two points for constructive possession of a firearm pursuant to Section 2D1.1(b) of the

---

[2] In *Johnson*, the United States sought an enhanced sentence under the Armed Career Criminal Act, 18 U.S.C. § 924(e)(1), which imposes an increased sentence where a defendant who violates 18 U.S.C. § 922(g) has three prior convictions for a "violent felony". The phrase, "violent felony" was defined, in part, by § 924(e)(2)(B) as including any felony that "involves conduct that presents a serious potential risk of physical injury to another" – the "residual clause".

[3] "(3) For purposes of this subsection the term "crime of violence" means an offense that is a felony and-- (A) has as an element the use, attempted use, or threatened use of physical force against the person or property of another, or (B) that by its nature, involves a substantial risk that physical force against the person or property of another may be used in the course of committing the offense." 18 U.S.C.A. § 924(c)(3).

United States Sentencing Guidelines.

Ramos appears to have conflated the additional penalty provisions found in 18 U.S.C. § 924(c) with the sentence enhancement provisions found in U.S.S.G. § 2D1.1(b)(1) (doc.252, p. 5-11). The latter addresses "Specific Offense Characteristics" and provides that "[i]f a dangerous weapon (including a firearm) was possessed, increase by 2 levels." U.S.S.G. § 2D1.1(b)(1) Ramos' base offense level was enhanced on basis of § 2D1.1(b)(1), not the additional penalty provisions in 18 U.S.C. § 924(c).   Ramos' argument that 18 U.S.C. § 924(c)(1)(A), § 924(c)(3)(A), and § 924(c)(3)(B) are unconstitutionally vague pursuant to *Johnson*, does not alter the Court's determination that Amendment 782 does not have the effect of lowering Ramos' sentencing guidelines range.

Ramos next argues that the two-point enhancement for constructive possession violated his 6th Amendment right to trial by jury pursuant to *Apprendi v. New Jersey*, 530 U.S. 466 (2000). Because his constitutional rights have been violated, Ramos asserts that he may seek a reduction of his sentence pursuant to 18 U.S.C. § 3582(c)(2) and Amendment 782.   However, relief under 18 U.S.C. § 3582(c)(2) is available only where a defendant's sentencing guidelines range has "subsequently been lowered by the Sentencing Commission". Ramos' argument does not alter the Court's determination that Amendment 782 does not have the effect of lowering his sentencing guidelines range.

Ramos next argues that the Court erred in footnote 1 by stating that "Section 1B1.10(c) has been renumbered as § 1B1.10(d) by Amendment 782" (doc. 251, n. 1). Ramos argues that the renumbering of § 1B1.10(c) "does not apply to Amendment 782, as stated by the Court" and asserts that the renumbering occurred in 1994 with Amendment 504.   Review of Ramos' submission in support, which appears to be a copy of Amendment 504, indicates that § 1B1.10,

the Policy Statement was amended in 1994 by deleting subsection (c) and then renumbering subsection (d) as (c). That is not what the Court noted. The Court noted the opposite: that subsection (c) had been renumbered as (d). Subsection (d) lists the Amendments that are covered by the Policy Statements, including Amendment 782.

Based on his belief that the Court erred regarding the renumbering of sections of the Policy Statement, Ramos argues that he is entitled to a reduction of sentence based on both Amendment 750 and Amendment 782. Ramos argues that Amendment 750 and Amendment 782 made the "highest Offense Level 38" for controlled substances and that based on the marijuana equivalence for the controlled substances which he was held accountable, his base offense level would now be 36 instead of 38. Therefore, Ramos asserts that he is entitled to further consideration under Amendment 782.

Ramos' base offense level for the quantity of controlled substances for which he was held accountable was 38. Now with a total marijuana equivalency of 33,392.00, his base offense level would be 36. However, his <u>total</u> offense level would be 39.[4]   With a revised total offense level of 39 and a criminal history category of VI, Ramos' sentencing guidelines range remains unchanged at 360 months to life. U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Ramos' argument does not alter the Court's determination that Amendment 782 does not have the effect of lowering his sentencing guidelines range.

Ramos last argues that he should not have been classified as a Career Offender and was wrongly assessed with six criminal history points – which resulted in a Criminal History

---

[4]   Starting with a base offense level of 36 after application of Amendment 782, Ramos received a 4 level enhancement for his roll in the offense and a 2 level enhancement for constructive possession of a firearm, which yields an adjusted offense level of 42. He then received a reduction of 3 levels for acceptance of responsibility, which yields a total offense level of 39.

4

Category of VI - because the offenses either occurred outside the time period specified in U.S.S.G. § 4A1.1 or did not meet the duration requirement. Ramos argues that his Criminal History Category should have been "0-1", and therefore, he would have had a lower sentencing guidelines range.

Ramos' argument is directed toward the inaccuracy or unconstitutionality of the determination that he was a Career Offender.[5]  However, Ramos had a total of 7 criminal history points, which established a Criminal History Category of IV without Career Offender status. With his recalculated total offense level of 39 pursuant to Amendment 782 and assuming a Criminal History Category of IV, Ramos' sentencing guidelines range would still be 360 months to life. U.S.S.G. Sentencing Table, Ch. 5, Pt. A. Again, Ramos' argument does not alter the Court's determination that Amendment 782 does not have the effect of lowering his sentencing guidelines range. Therefore, Ramos' motion pursuant to 18 U.S.C. § 3582(c)(2) is due to be denied.

**DONE** and **ORDERED** this the 21st day of April 2016.

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

---

[5]  Ramos was sentenced pursuant to the Drug Quantity Guidelines and not the Career Offender Guidelines because the offense level for a career offender found in U.S.S.G. § 4B1.1(b) was less than the offense level otherwise applicable under U.S.S.G. § 2D1.1.