IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| RAUL RAMOS ) | |
|     Movant ) | |
| ) | Criminal Action No. 06-00275-KD-B |
| ) | |
| v. ) | |
| ) | |
| UNITED STATES OF AMERICA, ) | |
|     Respondent. ) | |

### ORDER

This action is before the Court on Movant Raul Ramos' *pro se* motion to vacate pursuant to 28 U.S.C. § 2255 and motion "to preserve *Johnson* and *Welch* retroactivity." (Docs. 255, 257). As this is not Ramos' first motion pursuant to § 2255, the Court construes[1] these filings as motions pursuant to 28 U.S.C. § 2255(h)(2) for authorization for the district court to consider a second or successive 28 U.S.C. § 2255 application and as a motion to vacate pursuant to 28 U.S.C. § 2255. Upon consideration, and for the reasons set forth herein, the Clerk of Court is **directed to immediately transfer** Ramos' motions to the Court of Appeals for the Eleventh Circuit pursuant to 28 U.S.C. § 1631.

Title 28 U.S.C. § 2244(b)(3)(A) states that "[b]efore a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244 (b)(3)(A). Since Ramos has not received authorization, this Court lacks jurisdiction to consider his successive § 2255 application. *United States v. Holt*, 417 F.3d 1172, 1175 (11th Cir.

---

[1] "A document filed *pro se* is 'to be liberally construed,' and 'a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); "All pleadings must be construed so as to do justice". Fed.R.Civ.P. 8(e).

2005) ("Without authorization [from the court of appeals, the] district court lacks jurisdiction to consider a second or successive petition."). Generally, the Court would dismiss for lack of jurisdiction. However, Ramos argues that he is entitled to relief under *Johnson v. United States,* 135 S.Ct. 2551 (2015). The decision in *Johnson* was entered June 25, 2015. Therefore, Ramos had until June 26, 2016 to obtain authorization and file his motion. *See In re Troy Robinson,* --- F. 3d ---, 2016 WL 1583616, *2 (11th Cir. 2016) (indicating that prisoners "may only have until June 26, 2016 to refile applications based on *Johnson.*"). Here, Ramos' motions are dated June 22 and 23, 2016. (Docs. 255, 257).[2]

Title 28 U.S.C. § 1631 provides that when a civil action is filed in the wrong court, and that court finds that it lacks jurisdiction, the action may be transferred to the correct court, in the interests of justice. In this circumstance, the Court finds that the interests of justice would be served by transferring Ramos' motions, construed as both a motion for authorization and a motion to vacate, to the Eleventh Circuit. *See Bray v. United States*, 2016 WL 2939940, at *3 (S.D. Fla. May 17, 2016), *report and recommendation adopted*, 2016 WL 2944771 (S.D. Fla. May 19, 2016) ("However, given the time constraints imposed under the AEDPA and in the interests of justice, a direct transfer of this case to the Court of Appeals pursuant to 28 U.S.C. § 1631 is warranted. The direct transfer of the case, when viewed not only as a successive Section 2255 motion to vacate, but as an application seeking permission to file such a motion, would avoid the possibility that Movant's request would fail to reach the Eleventh Circuit in a timely fashion and render his second Section 2255 time-barred.") (citing *Guenther v. Holt*, 173 F.3d

---

[2] Under the "prison mailbox rule," a *pro se* prisoner's section 2255 motion is deemed filed on the date the prisoner delivers the motion to prison authorities for mailing. *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001). "Absent evidence to the contrary, we assume that a prisoner delivered a filing to prison authorities on the date that he signed it." *Jeffries v. United States*, 748 F.3d 1310, 1314 (11th Cir. 2014).

1328 (11th Cir. 1999));  *Ubele v. United States*, 2016 WL 3276958, at *1 (S.D. Ga. June 13, 2016) (report and recommendation to transfer to the Eleventh Circuit); *Ubele v. United States,* Civil Action No. 4:16-cv-00143-WTM-GRS, Criminal Action No. 4:05-cr-00012-WTM-GRS (Doc. 175) (S.D. Ga. June 20, 2016) (unreported) (declining to wait for the objection period to expire and directing Clerk of Court to immediately forward Ubele's motion to the Eleventh Circuit).

Accordingly, the Clerk of Court is directed to immediately transfer Ramos' motions (Docs. 255, 257) to the Court of Appeals for the Eleventh Circuit. This action shall be stayed pending the decision of the Eleventh Circuit as to whether Ramos is authorized to proceed with his second § 2255 motion(s).

**DONE** and **ORDERED** this **5**th day of **January 2017.**

/s/ Kristi K. DuBose
**KRISTI K. DuBOSE**
**UNITED STATES DISTRICT JUDGE**

3